IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WILLIAM E. GLENN,**
    **Plaintiff,**

v.                                                                            No:  3:03cv365/MD

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**
    **Defendant.**

_____

**ORDER AWARDING ATTORNEY FEES**

    Before the court is a petition for authorization of attorney fees (doc. 24), to which defendant has responded (doc. 27).  Plaintiff's counsel seeks compensation pursuant to 42 U.S.C. § 406(b) for time spent in this court successfully obtaining benefits for his client.  He seeks a total of $26,209.25 under a contingent fee contract with his client.  He has filed an accounting of time spent that shows a total of 12.10 hours as the total time spent representing plaintiff in this court.

    Plaintiff's counsel concedes that he is entitled to be awarded fees only for the time spent in the judicial portion of the case, and that if awarded fees, he will be required to refund to plaintiff the amount of $1,512.50  previously awarded under the EAJA (doc. 22).  As the result of counsel's efforts in this case, plaintiff and his children were awarded back benefits beginning in October 8, 1997, and the Commissioner has withheld $26,209.25 from the amount owed for payment of fees pursuant to § 406(b).  The contingent fee contract at issue here provides that plaintiff shall pay his attorney 25% of the past benefits recovered.

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) the Supreme Court held that, contrary to prior Circuit Court decisions, including *Kay v. Apfel*, 176 F.3d 1322 (11th Cir. 1999), the lodestar approach is not the appropriate standard for awarding fees in cases of this nature. Rather, this court must independently assess the reasonableness of the fee contract, giving significant weight to its terms, but further considering such concerns as (1) whether the attorney was responsible for the delay (thereby increasing the amount of past-due benefits), and (2) whether the benefits are large in relation to the time spent on the case, thereby granting counsel an undeserved windfall. 535 U.S. at 808, 122 S.Ct. at 1828. Case law provides little guidance in determining what constitutes the type of windfall about which the *Gisbrecht* court expressed concern, but it approvingly cited to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989), which disapproved the award of a full 25% fee in a case submitted to the court "on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent." 865 F.2d at 739. On the other hand, the full amount may be appropriate "for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded his clients." *Id.*

Cases decided since *Gisbrecht* have generally been deferential to the terms of contingent fee contracts, accepting *de facto* hourly rates that exceed those for non-contingent fee cases. *See, e.g., Hearn v. Barnhart*, 2003 WL 21186035 (N.D. Cal. 2003) (awarding *de facto* hourly rate of $450); *Boyd v. Barnhart*, 2002 WL 32096590 (E.D.N.Y. 2002) (approving $455); *Dodson v. Barnhart*, 2002 WL 31927589 (W.D. Va. 2002) (approving $694); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380 (S.D. Ga.) (approving $350).

Here plaintiff and his attorney agreed to a reasonable fee of 25% of past benefits recovered (doc. 24-6). The Commissioner withheld $26,209.25 from the amount awarded to plaintiff, calculated as 25% of the award. Plaintiff's counsel has

spent 12.1 hours representing plaintiff in this court. Thus, if he is awarded the full 25% contingency, his effective hourly rate will be $2,166.05. Counsel did not rely on boilerplate pleadings, but succeeded in convincing the court to reverse the decision of the Commissioner. Clearly this involved an extensive effort to overcome legal and factual obstacles to the enhancement of the benefits awarded his client. Plaintiff's counsel has been handling this case since 2003, and represented the plaintiff with the expectation that he would receive nothing for his efforts if he was not successful. It does not appear that counsel was in any way responsible for any delay in the proceedings.

However, the fee requested is large in relation to the time spent on the case, and if awarded will result in counsel receiving an undeserved windfall. 535 U.S. at 808, 122 S.Ct. at 1828. While the court is mindful that counsel has been handling this case (and many others) without the expectation of being paid unless his arguments prevailed, an hourly rate of over $2100.00 is (with one exception) more than twice what this court has approved in the past. Moreover, a substantial portion of the reward to plaintiff ($52,268.00) was for his children, which, although relevant, is in effect an automatic add-on.

In a recent case this court reduced a requested fee, but still awarded this same attorney a fee at an effective hourly rate of $1,250.00 in a case in which plaintiff prevailed in this court, but on an issue identified by the magistrate judge, not by counsel. *Lindsey v. Barnhart*, 3:99cv475/RV/MCR (N.D. Fla. 2003). In another case the undersigned recommended an award (approved by the district judge) of a fee with an effective hourly rate of $741.81, *White v. Barnhart*, 3:02cv78/LAC/MD. Under the circumstances, it is the court's opinion that an hourly rate of $2,166.05 is not reasonable under the circumstances. While there is no exact measure for determining fees in a case of this nature, it seems appropriate to limit counsel's fees to 25% of the recovery made for the individual plaintiff, or 25% x $73,769.00 =

Case No: 3:03cv365/MD

$18,442.25. This would give counsel an effective hourly rate of $1,524.14, which is less than the 25% fee contracted for, but is still generous by any measure.

Another reason for reducing the fee here relates to the time involved in processing the claim. As counsel notes in his motion, it took two full years for the Appeals Council to act on plaintiff's petition for review (by declining review), during which time counsel was not required to do anything. During the same period, however, benefits, and therefore fees measured as a percentage of the benefits, were accruing. This delay was in no way counsel's fault, but it highlights the danger of awarding fees measured purely on a percentage basis. If the Appeals Council had been more diligent, the award of past benefits, and the resulting fees, would have been less. Of course, counsel would have received his fees sooner, but the time value of money is skewed when the potential fee increases by 25% of a monthly benefit each month. By the same token, had the Appeals Council been even less diligent than it was, the ultimate resulting award, and claim for fees, would be larger. By measuring the fee by the plaintiff's actual recovery without consideration of awards to his children, the fee awarded becomes more reasonable.[1]

Accordingly, it is ORDERED that the petition for authorization of attorney fees (doc. 24) be and the same hereby is granted in part, and that:

a.  The Commissioner is ORDERED to disburse the sum of $18,442.25 to plaintiff's counsel, Byron A. Lassiter, Esq., as reasonable attorney fees under Title 42 U.S.C. § 406(b), and to release any remaining funds to the respective beneficiaries.

b.  Counsel is ORDERED to refund to plaintiff the $1,512.50 previously awarded him by this court under the EAJA.

---

[1] The parties should note that this decision does not necessarily establish a precedent in which only the award to the plaintiff will be used as a measure. It is convenient to use here because it brings counsel's effective hourly rate more nearly in line with prior awards. It may or may not be useful as a measure in future cases.

*Case No: 3:03cv365/MD*

At Pensacola, Florida, this 2nd day of August, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:03cv365/MD*